# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1168 | **DATE** | 7/28/2003 |
| **CASE TITLE** | Carlyn Dairy Products Inc. vs. First Interntl' Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ____.
(3) ☐ Answer brief to motion due____. Reply to answer brief due____.
(4) ☐ Ruling/Hearing on ____ set for ____ at ____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ____ set for ____ at ____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ____ set for ____ at ____.
(7) ☐ Trial[set for/re-set for] on ____ at ____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ____ at ____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's motion to dismiss for lack of proper service is denied. Plaintiff is given forty-five days from the date of this Memorandum Opinion and Order to serve defendant in accordance with the Federal Rules. Defendant's motion to transfer for improper venue is also denied. Status hearing set for 8/13/03 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | 7/29/03 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 21 |
| ✓ | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARLYN DAIRY PRODUCTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 C 1168 |
| | ) | Paul E. Plunkett, Senior Judge |
| FIRST INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
JUL 2 9 2003

## MEMORANDUM OPINION AND ORDER

Carlyn Dairy Products, Inc. has sued First International, Inc. for breach of contract. Defendant has filed a Federal Rule of Civil Procedure ("Rule") 12(b)(5) motion to dismiss for insufficiency of process and, in the alternative, a motion to transfer venue. For the reasons set forth below, both motions are denied.

### Facts

Plaintiff is an Illinois corporation with its principal place of business in Mundelein, Illinois. (First Am. Compl. ¶ 1.) Defendant is a Maryland corporation with its principal place of business in Gaithersburg, Maryland. (Id. ¶ 2.)

From March 1999 through November 2002, defendant entered into a series of contracts with plaintiff for the purchase of dry milk powder. (Id. ¶¶ 7-8.) Throughout that period, defendant sent

1

purchase orders to plaintiff and plaintiff accepted the orders, purchased the necessary milk powder to fill them and shipped it to defendant's specified destination. (Id. ¶ 8.)

In 2002, defendant started falling behind on its payments and by December 2002 it was making no payments at all. (Id. ¶ 10; id., Ex 1.) Defendant currently owes plaintiff $444,202.79. (Id. ¶ 10.)

Plaintiff filed this suit on February 18, 2003. In March 2003, plaintiff mailed a copy of the complaint and a request for waiver of service to defendant's president. (Pl.'s Am. Reply, Ex. 1, McAuliffe Aff. ¶ 3.) The waiver of service was not returned. Consequently, on April 2, 2003, plaintiff had a process server deliver a copy of the summons and complaint to defendant's office. (Aff. Service.)

Defendant contends that it has not been properly served and that, in any event, this Court is not a proper venue for this suit.

## Discussion

### Motion to Dismiss

The Federal Rules permit plaintiff to effect service on defendant pursuant to Illinois law, Maryland law or "by delivering a copy of the summons and . . . complaint to an officer, managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(e)(1), (h)(1). Illinois law permits corporations to be served through agents found in this State. 735 ILL. COMP. STAT. 5/2-204. Maryland law permits corporations to be served through various officers or "if a good faith attempt to serve [those officers] has failed, service may be made by serving . . . [any] person expressly or impliedly authorized to receive service of

2

process." MD. R. CIV. P., DIST. CT., R. 3-124. Plaintiff has not shouldered its burden of proving that defendant was served in accordance with any of these methods. Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc., 635 F.2d 434, 435 (5th Cir. 1981) ("When service of process is challenged, the party on whose behalf it is made bears the burden of establishing its validity.").

The only evidence plaintiff offers on service is the affidavit of its process server. That document says that Malkanthi Renuka, administrative assistant, was handed a copy of the summons and complaint at 101 Lake Forest Boulevard, Suite 302, Gaithersburg, Maryland on April 1, 2003. (Aff. Service.) Ms. Renuka was not found in Illinois, so service was not effected pursuant to Illinois law. Service was also not effected pursuant to Maryland law as plaintiff has not shown that it made a good faith attempt to serve one of defendant's officers before serving Ms. Renuka, or that Ms. Renuka is expressly or impliedly authorized to accept service of process for defendant.[1] Similarly, plaintiff has not shown that Ms. Renuka is authorized by appointment or law to receive process for defendant, as required by Rule 4(h). Thus, plaintiff has not shown that it properly served defendant.

Plaintiff argues that any defect in service should be excused because defendant received a waiver of service but refused to execute it and, in any event, it has actual notice of the suit. Neither circumstance cures defective service. As Judge Coar observed: "A plaintiff's obligation to attempt service does not end when a defendant fails to waive service. Rather, the onus is on the plaintiff to effect service in another way, [though] the defendant could be required to bear the costs of effecting that service." DeBartolo v. Plano Molding Co., 2002 WL 1759811, at *2 (N.D. Ill. July 20, 2002).

---

[1] Citing to the process server's affidavit, plaintiff says that Ms. Renuka was the only person in defendant's office on the day she was served and that she told the process server she was authorized to accept process. (See Pl.'s Am. Reply at 4.) In reality, however, the process server's affidavit says nothing more than that Ms. Renuka was served.

3

Moreover, the Court cannot exercise personal jurisdiction over defendant, even if it has actual notice of the suit, unless "the procedural requirement of service of summons [is] satisfied." Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987). Thus, neither defendant's failure to waive service or its awareness of this suit is a substitute for proper service.

Plaintiff's failure to effect service within 120 days after the filing of the complaint is grounds for dismissal of the suit. FED. R. CIV. P. 4(m). The Court is not required to dismiss, however, and declines to do so in this instance. See Panaras v. Liquid Carbonic Indus. Corp, 94 F.3d 338, 340 (7th Cir. 1996) ("[T]he court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time," even if no cause is shown for the service failure). Because the 120-day period has recently lapsed and it appears that plaintiff will ultimately be able to effect proper service, the Court exercises its discretion to extend by forty-five days plaintiff's time for service. Accordingly, defendant's motion to dismiss for lack of timely service is denied.

## Motion to Transfer Venue[2]

Defendant also asks the Court to transfer this case to the District of Maryland pursuant to 28 U.S.C. § ("section") 1406, which authorizes the transfer of cases that are filed in the wrong venue. Venue for a diversity suit, like this one, is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to

---

[2]According to the Supreme Court, we can consider this motion, even though defendant has not been served. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962) ("The language of section 1406(a) is amply broad enough to authorize the transfer of cases . . . whether the court in which it was filed had personal jurisdiction over the defendants or not.")

4

personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Defendant contends that the Northern District of Illinois does not meet any of the venue criteria.

For venue purposes, a corporation is deemed to reside in any district in which it is subject to personal jurisdiction at the time the action is filed. 28 U.S.C. § 1391(c). Defendant is subject to personal jurisdiction in this district if the Illinois courts could exercise jurisdiction over it. FED. R. CIV. P. 4(k)(1)(A). The Illinois long-arm statute permits Illinois courts to exercise jurisdiction over a non-resident defendant if doing so is consistent with federal constitutional standards. 735 ILL. COMP. STAT. 5/2-209(c). In a case like this, which arises out of the defendant's contacts with the forum state, the exercise of jurisdiction is constitutionally permissible if the defendant has "purposely avail[ed] itself of the privilege of conducting activities" in the forum state such that it "should reasonably anticipate being haled into court there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75 (1985) (internal quotation marks and citation omitted). Plaintiff, who bears the burden of proving proper venue, see Grantham v. Challenge-Cook Bros. Inc., 420 F.2d 1182, 1184 (7th Cir. 1970), has proffered evidence that suggests defendant is subject to the jurisdiction of the Illinois courts.

Plaintiff alleges that defendant entered into a series of contracts with it for the purchase of milk powder from March 1999 through November 2002. (First Am. Compl. ¶¶ 7-8.) The contracts were apparently identical, calling for the purchase of dry milk powder and payment net sixty days from the date of each invoice. (Id. ¶ 7.) Plaintiff aggregated the balances due on each order and, by the end of July 2002, defendant owed plaintiff $484,253.49 on the contracts. (Id., Ex. 1.) According to plaintiff's president, plaintiff accepted defendant's orders in Illinois, plaintiff negotiated for the

5

purchase of the products needed to fill the orders in Illinois, defendant sent payments on the purchase orders to Illinois and the unpaid invoices on which the suit is based were prepared in and transmitted from Illinois. (Pl.'s Am. Reply, Ex. 1, McAuliffe Aff. ¶ 7.)

Defendant says those contacts are insufficient to vest jurisdiction, and therefore, residency, in Illinois because they do not exist. Though defendant admits it once had a contractual relationship with plaintiff, it says it was not a party to the contracts underlying this suit. (See Def.'s Reply Supp. Mot. Transfer Venue, Att. A, Abdalla Aff. ¶ 10.) Thus, defendant says, it never sent the contested orders to Illinois, received the contested invoices from, or sent payments on them to, Illinois, or took any other action in connection with these contracts that would confer jurisdiction on the courts of this State.

At this stage of the proceedings, however, we cannot resolve factual disputes. Instead, we must credit plaintiff's version of the facts and, given those facts, determine whether defendant has sufficient contacts with Illinois to make it a proper venue for this suit. Cf. RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1275 (7th Cir. 1997) (On motion to dismiss for lack of personal jurisdiction, "[plaintiff] is entitled to have any conflicts in the affidavits resolved in its favor.").

Given the evidence plaintiff has offered, we conclude that it does. According to plaintiff, the parties had an ongoing business relationship that lasted for more than three years. Pursuant to that relationship, defendant transmitted a series of orders to plaintiff, which were received, accepted and acted upon in Illinois. Defendant sent periodic payments to Illinois and the invoices it allegedly failed to pay were prepared in and transmitted from Illinois. That evidence suggests that defendant is amenable to jurisdiction in this State because it "created continuing obligations" between itself and a resident of this State, conduct that should have caused it "[to] anticipate being haled into court

6

[here]." Burger King, 471 U.S. at 474, 476 (internal quotation marks and citation omitted); see Heritage House Restaurants, Inc. v. Continental Funding Group, Inc., 906 F.2d 276, 284 (7th Cir. 1990) (Non-resident defendant that provided financial services to resident-corporation plaintiff for more than one year was subject to the jurisdiction of the Illinois courts because defendant had "knowingly . . . reached out to . . . and created a continuing relationship" with Illinois resident).

Because a corporation is deemed to reside in any state that can exercise personal jurisdiction over it, defendant is a resident of Illinois. 28 U.S.C. § 1391(c). Consequently, venue is proper in this district because defendant resides here and is subject to personal jurisdiction here, the first and third options in the venue statute. 28 U.S.C. § 1391(a)(1), (3).[3] Accordingly, defendant's motion to transfer this case to the District of Maryland is denied.

---

[3]Venue is also proper in this district because "a substantial part of the events or omissions giving rise to the claim" – the formation of the contracts and plaintiff's performance – occurred here, the second option in the venue statute. 28 U.S.C. § 1391(a)(2).

## Conclusion

For all of the reasons stated above, defendant's motion to dismiss for lack of proper service is denied. Plaintiff is given forty-five days from the date of this Memorandum Opinion and Order to serve defendant in accordance with the Federal Rules. Defendant's motion to transfer for improper venue is also denied.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: July 28, 2003